**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5068**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

RAYMOND LEO THOMPSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00293-TDS-1)

Submitted:  July 18, 2011         Decided:  August 2, 2011

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Leon Thompson appeals his conviction and 215-month sentence for one count of carjacking in violation of 18 U.S.C. § 2119(1) (2006), and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Counsel has filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Thompson's sentence was reasonable.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own

2

legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010).

By seeking a sentence below his advisory Guidelines range, Thompson has preserved appellate review of his sentence. See Lynn, 592 F.3d at 577-78. We first conclude that the sentence was procedurally reasonable. The district court properly calculated the advisory Guidelines range of 188 to 235 months, and discussed the serious nature of Thompson's conduct. The court was particularly concerned that Thompson brandished a firearm at two small children and threatened a woman with death if she did not turn over the keys to her car. The court also noted Thompson's lengthy criminal history and concluded that a 215-month sentence was necessary to protect the public from this habitual offender.

We also conclude that the court imposed a substantively reasonable sentence. We presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We have reviewed the record and conclude that Thompson has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm the judgment of the district court.  This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4